UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

ANTHONY POOLE )
) Case No. 1:17-CV-77
v. )
) Judge Mattice/Steger
STATE OF TENNESSEE )

## REPORT AND RECOMMENDATION

Plaintiff Anthony Poole, *pro se*, has filed an application to proceed *in forma pauperis* [Doc. 1]. Because I conclude his complaint does not state a claim for which relief can be granted, I **RECOMMEND** this action be **DISMISSED** and the application to proceed *in forma pauperis* be **DENIED** as moot.

Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) and *La Fountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *Johns v. Maxey*, 2008 WL 4442467 *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.).

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *Bell Atlantic Corp. v. Twombly,* 550

1

U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 569-70.) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, which simply means the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In the instant case, Plaintiff alleges that the State of Tennessee, "Child Support Enforcement," forced him to enter into a contract on two occasions by threatening him with jail.[1] He alleges that Defendant attempted to subject him to "involuntary servitude," violated his right to privacy, and violated his "right to biblical procreation" in violation of the Thirteenth, the Fourteenth and the First Amendments of the United States Constitution. He seeks $1 million in damages for unspecified losses, expenses, mental anguish and pain and suffering. He does not ask for any equitable relief.

While Plaintiff does not cite to 42 U.S.C. § 1983 in his complaint, this statute is the vehicle by which a person may, under certain circumstances, recover damages for a violation of his rights secured to him by federal law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995). To state a claim under Section 1983, a plaintiff is required to show that he has been deprived of a right, privilege, or immunity secured to him by the United States Constitution or other federal law and that the defendants caused the deprivation while they were acting under color of state

---

[1] Though the complaint does not specify the subject of the contracts, it is presumed they concerned child support payments.

law.  *Gregory v. Shelby County, Tenn.,* 220 F.3d 433, 441 (6th Cir. 2000); *Baker v. Hadley,* 167 F.3d 1014, 1017 (6th Cir. 1999); *Valot v. Southeast Local School Dist. Bd. of Educ.*, 107 F.3d 1220, 1225 (6th Cir. 1997).  The State of Tennessee, however, enjoys sovereign immunity under the Eleventh Amendment for claims seeking damages brought under Section 1983.  *Berndt v. State of Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986)(holding Tennessee has sovereign immunity under the Eleventh Amendment for claims seeking damages under Section 1983); *Eddins v. Summers*, 23 Fed. App'x 221, 223 (6th Cir. 2014)(same); *Heifner v. University of Tennessee*, 914 F. Supp. 1513, 1515-16 (E.D. Tenn. 1995)(the State of Tennessee and any arm of the State of Tennessee are entitled to immunity under the Eleventh Amendment for Section 1983 claims seeking damages for alleged constitutional violations.)  Plaintiff's claim for damages against the State of Tennessee is barred by the Eleventh Amendment; therefore, Plaintiff 's complaint fails to state a claim for which relief can be granted.

Accordingly, for the reasons stated herein, it is **RECOMMENDED**[2] that this action be **DISMISSED** without prejudice and the *in forma pauperis* application be **DENIED** as moot.

**ENTER.**

s\ *Christopher H. Steger*
CHRISTOPHER H. STEGER
UNITED STATES MAGISTRATE

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party.  Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure.  Failure to file objections within the time specified waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 149, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985).  The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general.  *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986).  Only specific objections are reserved for appellate review.  *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

3

Case 1:17-cv-00077-HSM-CHS   Document 3   Filed 06/29/17   Page 3 of 3   PageID #: 19