UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| ANTHONY POOLE, | ) | |
|---|---|---|
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Case No. 1:17-cv-77 |
| v. | ) | |
| | ) | Judge Mattice |
| STATE OF TENNESSEE, | ) | Magistrate Judge Steger |
| | ) | |
| *Defendant*. | ) | |

## ORDER

For the reasons stated herein, the Court will **ACCEPT and ADOPT** Magistrate Judge Steger's Report and Recommendation [Doc. 3]. Plaintiff's objection to the Report and Recommendation [Doc. 4] is **OVERRULED**. Accordingly, Plaintiff's Motion to Proceed *in forma pauperis* [Doc. 1] is **DENIED** and the above styled action is **DISMISSED**.

### I.     BACKGROUND

Plaintiff, Anthony Poole, brought this suit alleging the State of Tennessee violated his constitutional rights by coercing him into a child support agreement. [*See* Doc. 2 at 2]. Magistrate Judge Steger, pursuant to 28 U.S.C. § 1915(e)(2), recommended the action be dismissed due to the claims being barred by Tennessee's Eleventh Amendment state immunity. [Doc. 3 at 3]. Shortly thereafter, Plaintiff filed a letter objecting to the Magistrate Judge's recommendations. [Doc. 4] Therein, Plaintiff argues Tennessee is not immune in this suit because it participates in programs passed as part of the Social Security Act, and he further cites multiple irrelevant statutes, ranging from the Federal Tort Claims Act to the criminal code.

## II. ANALYSIS

The Court reviews the objected portions of the Report and Recommendation *de novo*. 28 U.S.C. § 636(b)(1)(C). Plaintiff objects to Magistrate Judge Steger's legal conclusions regarding Eleventh Amendment immunity in this context. To support his arguments, Plaintiff cites to multiple statutes and law. Each will be addressed in turn.

### a. Social Security Act

Tennessee has not waived its immunity nor has immunity been abrogated by an act of Congress. There are two primary ways a state can lose the constitutional immunity it otherwise enjoys. First, and most obvious, a state can consent to suit or waive its immunity. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). Alternatively, Congress can abrogate state immunity via the enforcement powers found in the Constitution's Reconstruction Amendments. *Id*. Congress does not, however, have the authority to abrogate state immunity under its Article I powers, including its commerce and spending powers. *See e.g. Alden v. Maine*, 527 U.S. 706, 712 (1999). Because the Social Security Act and its subsequent additions and amendments are passed under Congress' spending power, Congress has not, and indeed cannot, abrogate state immunity pursuant to those laws. *See e.g. id*.

Tennessee's participation in Social Security programs is not an implicit waiver of its immunity. Plaintiff claims Tennessee's participation in Social Security Programs, which he claims involves "child-support programs," subjects it to liability in this suit. The Court is not inclined to agree. "The mere fact that a State participates in a program through which the Federal Government provides assistance for the operation by the State of a system of public aid is not sufficient to establish consent on the part of the State to be sued in the federal courts." *Edelman v. Jordan*, 415 U.S. 651, 673 (1974)

(holding a state's participation in Social Security programs does not constitute a waiver of its immunity). Accordingly, Tennessee is not liable to Plaintiff because it participates in Social Security programs.

### b. Various Statutes Cited

Plaintiff cites the Federal Tort Claims Act (FTCA) as a valid waiver of immunity. [*See* Doc. 4 at 2] (citing 28 U.S.C. § 2674). Plaintiff is correct, that statute does involve a waiver of immunity; however, it pertains to the *United States* government waiving its sovereign immunity in the limited context of tort actions committed by its agents. *See* 28 U.S.C. § 2674. As such, the Court finds the FTCA is inapplicable here. Next, Plaintiff cites various criminal statutes under Title 18 of the US Code. [*See id.* at 1]. This being a civil case, those criminal statutes are irrelevant to this case. Finally, Plaintiff cites 42 U.S.C. § 1983 as abrogating Tennessee's immunity. [*See id.* at 2]. However, states, like Tennessee, are not "persons" under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65 (1989). Further, even if Tennessee were a "person" under that statute, § 1983 is not sufficiently clear to constitute a valid abrogation of state immunity. *See id.* (holding "[t]he language of § 1983 [] falls far short of satisfying" the requirement that Congressional abrogation of state immunity be unequivocal) ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity...").

## III. CONCLUSION

Accordingly, the Report and Recommendation [Doc. 3] is **ACCEPTED and ADOPTED**, Plaintiff's objections [Doc. 4] are **OVERRULED**, Plaintiff's Motion to proceed *in forma pauperis* [Doc. 1] is **DENIED**, and the case is hereby **DISMISSED**. The Clerk is **DIRECTED** to close the case.

**SO ORDERED** this 18th day of January, 2018.

                                    */s/ Harry S. Mattice, Jr.*
                                    HARRY S. MATTICE, JR.
                              UNITED STATES DISTRICT JUDGE